[Crim. No. 5534.   Second Dist., Div. Three.   Apr. 10, 1956.]

THE PEOPLE, Respondent, v. JOE VARGAS LUNA et al., Defendants; LUIS NESTOR LOPEZ, Appellant.

Albert C. S. Ramsey for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

SHINN, P. J.—Joe Vargas Luna and Luis Nestor Lopez were jointly charged with two offenses of assault by means of force likely to produce great bodily injury, in Count I of an assault upon Joe E. Vigil, in Count II of an assault upon Johnny Barajas.  In a jury trial they were acquitted of assault upon Vigil and convicted under Count II of the lesser offense of assault upon Barajas.  Lopez made a motion for new trial which was denied; proceedings were suspended and he was granted probation, one of the conditions being that he spend two months in the county jail.  He appeals from the judgment and the order denying his motion for new trial.

The grounds of appeal are that the evidence was legally insufficient to prove that Lopez either assaulted Barajas or aided and abetted Luna in assaulting him, and that having been acquitted of an assault upon Vigil, this amounted to an acquittal of the accusation of assault upon Barajas.

Defendant contends there was no evidence that he struck Barajas and this contention is not seriously challenged by the People. But it is nevertheless contended in urging affirmance of the judgment that there was sufficient evidence to prove that Lopez aided and abetted Luna in the assault upon Barajas, which, admittedly, Luna committed. We have concluded that the evidence was not legally insufficient to justify the verdict against Lopez.

The altercation from which the charges arose took place on a parking lot not far from a dance hall on the Pike in Long Beach. At 1 a. m., when the dance was over, three Mexican girls, Ophelia, Rosemary and Lucy, found themselves in the company of five sailors, Quirarte, Crabtree, Keller, Vigil and Barajas. The boys offered to drive the girls to the lot where their car was parked and they walked together to a nearby lot where the car of Barajas was parked. Three of the boys and two of the girls got into the rear of the car. Barajas took the wheel, Vigil sat next to him and Ophelia sat next to the right-hand door. Luna and Lopez came up, evidently some words were passed; Luna and Lopez came to the car and Luna held open the right-hand door with his shoulder so Ophelia could not close it. He then went around to the opposite door and invited Barajas to fight and opened the door. Luna was seen to have a metal object in his hand; Barajas refused to fight unless Luna would empty his pockets. The latter jumped over a low fence at the front of the car and did not empty his pockets, jumped back, struck at Barajas through the open window, put his foot through and kicked Barajas in the face, who kicked back at him; Luna was seen to take something from his pocket.

While Luna was holding the right-hand door open Lopez was standing by; when Luna went to the left side of the car Lopez went with him and stood by him. When other sailors started to leave the car on the right-hand side the two then went to the rear of the car. When Vigil was encountered coming around the rear some words were exchanged; Lopez hit Vigil and Luna also struck him. Vigil's lip was cut and there was blood on the hands of both Luna and Lopez, who then ran away. They were stopped by a police officer and

searched; a beer can opener was found on Luna. Both denied they had been in a fight in a parking lot. Lopez had cuts on the fingers of his right hand. A girl came up and told the officers about the fight and the suspects and Vigil were taken to a hospital. Vigil's mouth was split and he had two teeth knocked out.

Lopez testified that as they approached the car, one of the girls smiled at Luna; he waved to her and she said "hello" to him; as they passed on they were accosted in profane language; they walked back and Luna and Barajas had words; he, Lopez, walked with Luna to the driver's side of the car where Lopez stood by, saying nothing; while Barajas and Luna were striking at each other, Crabtree came up and hit Luna in the back. As to his actions when he saw some of the other boys getting out of the car on the right-hand side Lopez testified: "Well, I decided I would go around so there would not be any more jumping on him [Luna]. There was two on him already. So I started around the back of the car and this Vigil was running around the car, so I took a punch at him." He struck Vigil and he, Lopez, got his face bruised by two of the sailors; no one struck him until after he had struck Vigil. He and Luna then ran away because they were outnumbered. According to Lopez, Luna first went to the car to reprove Barajas or someone else for using bad language and to demand an apology. He admitted having told the officers that he had not been in a fight. The can opener taken from Luna by the officers was introduced in evidence. Lopez denied having seen it in Luna's possession. He was unarmed.

The witnesses agreed that Lopez did not strike or attempt to strike Barajas and that he remained silent while Luna and Barajas fought. It is argued that this was not aiding and abetting Luna. ■ It is elementary that one who merely stands by, watching an assault and even approving of it is not aiding and abetting. (*People* v. *Hill*, 77 Cal.App.2d 287 [175 P.2d 45].) Such a person is a mere bystander, and if Lopez was nothing more, he was not an accessory to the assault upon Barajas. But whether, as a matter of fact, he was a bystander or a participant was for the jury to decide. ■ The only question on appeal is whether the determination of that factual issue has support in the evidence and the reasonable inferences, all of which must be given the effect which is most consistent with the verdict. The following facts were significant: When, according to Lopez, one of the sailors cursed

Luna, Lopez went with him and stood beside him while he prevented Ophelia from closing the door; when Luna went around the car and started fighting with Barajas, Lopez went along and stood by; when Vigil and the other sailors started to leave the car Lopez went around to meet them with the purpose of protecting Luna, and as soon as he met Vigil he struck him, and Luna also came up and struck him, with the result that Vigil's lip was split and he lost two teeth. The reasonable inferences were that when Luna and Lopez went to the car they expected trouble and were prepared for it; Lopez stood by Luna in order to protect him against the other sailors if need be; when the opportunity arose for him to join in the fight he did so by attacking Vigil before he, himself, was attacked. In brief, Lopez voluntarily entered into an altercation which would probably lead to trouble, stood by prepared to take a hand in the fight and aggressively entered it when he thought the proper time had arrived. The two stood together and fought together. There was concert of action and purpose which clearly proved Lopez to have been a participant in the entire fight and not a mere inactive and disinterested spectator. It is idle to argue that he was a mere innocent bystander. If there is difficulty in reconciling the verdict with the admitted facts it is due to the acquittal of the defendants of the charge of assaulting Vigil.

There is no merit in the contention that the acquittal under Count I operated as a determination that Lopez did not aid and abet Luna in an assault upon Barajas. That question was to be determined from the facts in evidence. The acquittal of the charge of assault upon Vigil did not establish that Lopez was not an active participant in the entire fight; it did not alter the facts which satisfied the jury that Lopez participated in the assault upon Barajas.

The judgment and order denying motion for new trial are affirmed.

Wood (Parker), J., and Vallée, J., concurred.